Weldon, J.,
delivered the opinion of the court:
The petition alleges that the claimant, on the 10th day of June, 1881, completed the four years’ course of study at the United States Naval Acacemy; graduated therefrom as cadet engineer; was detached from said Academy at said time and entered into active service; that up to the 5th day of August, 1882, he received the pay of a graduated cadet-engineer; since that date, and up to June 10,1883, he has only received the pay of a naval cadet; and that from the said date of August, *227 1882, up to the 30th of June, 1883, there is due the claimant an unpaid balance of $99.32, being the difference between what he received and the pay which by law he was entitled to receive as cadet-engineer under the act of August 5, 1882.
The findings show that on the 10th day of June, 1881, the claimant had completed the prescribed course of study at the Naval Academy, and successfully passed the required examination before the academic board; that June 2, 1881, a notice was given him by the Secretary of the Navy detaching him on 10th of June from said institution and ordering him to report on that day for duty on board the United States practice steamer Mayflower. August 30, 1881, an order was issued detaching him from the Mayflower and directing him to proceed to his home and regard himself as waiting orders. October 28, 1881, an order was issued to him to proceed to the navy-yard at League Island, Pennsylvania, for duty.
June 23, 1883, he was detached from the Naval Academy and ordered to proceed home to await orders. June 26, 1883, he was notified by the Secretary of the Navy that, having completed six years’ course of study at the Academy, and having been given a certificate of graduation, he was honorably discharged from the 30th of June, 1883, pursuant to the act of August 5,1882.
From August 5, 1882, to June 30, 1883, the claimant was paid $769.86 for services in the Navy; during that period, as a graduated cadet-engineer, he would have been entitled to receive $796.71.
Since then the claimant has received no pay, and has been held by the Navy Department and the accounting officers of the Treasury to be out of the naval service.
The foregoing facts appear in the findings, and present for our consideration the cause of action as made by the petition and findings.
It is contended on the part of the government that by virtue of the provisions of the act of the 5th of August, 3882, the claimant became a naval cadet, not Laving completed his course of study at the Academy, but being an undergraduate at the time of the passage of said act; and therefore he has been paid all the law entitles him to receive from the 5th of August, 1882, to the 30th of June, 1883.
*228 We quote so much of tbe act of August 5, 1882, as is material to be considered in this case:
“For pay of the Navy, for the active list, namely, * * * sixty-nine chief engineers, one hundred passed assistant engineers, thirty-five assistant engineers, seventy-three cadet-engineers (graduates), * * * one hundred and two cadet-engineers, one hundred and thirty cadet-midshipmen (notgraduates); in all, four million forty-eight thousand three hundred dollars!
“ Provided, That hereafter there shall be no appointments of cadet-midshipmen or cadet-engineers at the Naval Academy, but in lieu thereof naval cadets shall be appointed from each Congressional district and at large, as now, provided by law for cadet-midshipmen, and all the undergraduates at the Naval Academy shall hereafter be designated and called “ naval cadets.”
“ And from those who successfully complete the six years’ course, appointments shall hereafter be made as it is necessary to fill vacancies in the lower grades of the line and Engineer Corps of the Navy and of the Marine Corps.
“ And provided further, That no greater number of appointments into these grades shall be made each year than shall equal the number of vacancies which has occurred in the same grades during the preceding year; such appointments to be made from the graduates of the year, at the conclusion of their six years’ course, in the order of merit, as determined by the academic board of the Naval Academy ; the assignment to the various corps to be made by the Secretary of the Navy, upon the recommendation 'of the academic board.
“But nothing herein contained shall reduce the number of appointments from such graduates below ten in each year, nor deprive of such appointment any graduate who may complete the six j ears’ course, during the year eighteen hundred and eighty-two. And if there be a surplus of graduates, those who do not receive such appointment shall be given a certificate of graduation, an honorable discharge, and one year’s pay, as now provided by law for cadet-midshipmen. * * *
* * * “That the pay of naval cadets shall be that now allowed by law to cadet-midshipmen; and as much of the money hereby appropriated as may be necessary during the fiscal year ending June thirtieth, eighteen hundred and eighty-three, shall be expended for that purpose. * * *
“ That no officer now in the service shall be reduced in rank or deprived of his commission by reason of any provision of this act reducing the number of officers in the several corps : Provided, That no further appointments of cadet-engineers shall be made by the Secretary of the Navy under section three of the act of eighteen hundred and seventy-four.”
The case made by this record has been in legal substance be *229 fore tliis court at a former term, and was most carefully considered, after elaborate argument by able counsel, both in the trial and on a motion for a rehearing; and it is not now necessary to restate at length the reasons which induce the conclusion of the court. The case of Leopold v. United States (18 C. Cls. R., 546) is one identical in principle with the suit at bar. Some additional facts appear in the findings in this case, but they are not sufficiently material to alter the law announced in the former case. We have in the present proceeding most carefully considered anew the questions of contention, and do not feel warranted in changing the judicial determination of the Leopold Case.
It was held in that case: “1st. Cadet-engineers who had finished their four years’ course at the Naval Academy, passed their final academic examinations, and received their diplomas before the passage of the Act August 5, 1882 (22 Stat. L., 285), became graduates, and are not made naval cadets by that act. They are therefore entitled to pay provided by the Revised Statutes, section 1556, page 268. 2d. The provision in the act of August 5, 1882, for the discharge of surplus naval cadet graduates is prospective only, and does not apply to the classes of 1881 and 1882.”
Being satisfied with the law as announced by this court in a former adjudication, it is ordered and adjudged that the claimant recover the sum of $26.85, and for that amount judgment will be entered.